23-6710-cr
*United States v. Genao*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of October, two thousand twenty-five.

Present:

> REENA RAGGI,
> WILLIAM J. NARDINI,
> > *Circuit Judges*,
> NATASHA C. MERLE,
> > *District Judge*.[*]

_____

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                                              23-6710-cr

CHRISTIAN GENAO,

> *Defendant-Appellant*.

_____

| | |
|---|---|
| For Appellee: | REBECCA M. URQUIOLA (Elias Laris, *on the brief*), *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY |
| For Defendant-Appellant: | ALLEGRA GLASHAUSSER, Federal Defenders of New York, Brooklyn, NY |

_____

[*] Judge Natasha C. Merle, of the United States District Court for the Eastern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Allyne R. Ross, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the summary order in this case entered on October 4, 2024, is **VACATED** and the case is **REMANDED** for further proceedings consistent with this order.

Defendant-Appellant Christian Genao appealed from a judgment of the United States District Court for the Eastern District of New York (Allyne R. Ross, *District Judge*), entered on June 15, 2023, and amended on June 30, 2023, sentencing him to a year and a day of imprisonment and two years of supervised release following his guilty plea to one count of importation of cocaine in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(2)(B). At a sentencing hearing held on June 12, 2023, the court orally imposed a condition of supervised release requiring Genao to attend outpatient drug treatment. In its written judgment, the district court included a further condition prohibiting Genao from consuming alcohol while on supervised release. Genao challenged that condition on appeal, contending (1) that the district court's failure to pronounce it orally precluded its inclusion in the written judgment, and (2) that the condition is not "reasonably related" to the sentencing factors applicable to his case. In a summary order issued on October 4, 2024, we affirmed the judgment of the district court. *United States v. Genao*, No. 23-6710-cr, 2024 WL 4404042 (2d Cir. Oct. 4, 2024) (internal quotation marks omitted).

Specifically, we held that Genao's first argument was foreclosed by *United States v. Truscello*, 168 F.3d 61, 63 (2d Cir. 1999). Subsequently, our *en banc* Court decided *United States v. Maiorana*, __ F.4th __, 2025 WL 2471027 (2d Cir. Aug. 28, 2025). *Maiorana* overruled *Truscello*, making clear that at a sentencing hearing, a district court must orally pronounce all non-mandatory conditions it intends to impose, including "standard" conditions described in the Guidelines. *Id*. at *4. Genao moved to recall the mandate and for a rehearing in light of *Maiorana*.

2

The government did not oppose Genao's motions. We granted Genao's motion to recall the mandate on September 26, 2025, and ordered the parties to submit letter briefs addressing *Maiorana*.

Having now received and reviewed those submissions, we conclude that the portion of the judgment prohibiting the use of alcohol must be vacated in light of *Maiorana*. There is no dispute that the district court did not make any oral reference to the alcohol-related special condition at sentencing or "expressly adopt or specifically incorporate by reference" a condition that had been set forth in writing and made available to Genao in the pre-sentence report ("PSR"). *Id*. at *6. We therefore remand "with instructions to vacate th[is] portion[] of the judgment." *Id.* at *6 & n.13.

We note that in this case, the district court held an additional hearing on June 29, 2023, two weeks after judgment was entered, during which the court explained in some detail why it was appropriate to impose the alcohol-related condition at issue in this appeal. While that does not cure the error requiring vacatur for the reasons explained in *Maiorana*, the district court on remand remains free to re-impose the alcohol-related condition in a revised judgment, but to do so "it must convene a hearing in the presence of [Genao] and must advise [him] that those conditions will be imposed, either through a full recitation or through the express adoption of particular conditions that have been set forth in writing and made available to [Genao] in the PSR, the Guidelines, or a notice adopted by the court." *Id.* at *6. Genao may, of course, waive his right that such a resentencing hearing be held, or that he be present at such a hearing. *See id.* at *6 n.14.

For the foregoing reasons, the summary order in this case entered on October 4, 2024, is **VACATED**. We **REMAND** the case to the district court with instructions to **VACATE** the alcohol use condition of the judgment and for further proceedings consistent with this order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

3